IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antwon Goodwin,<br><br>        Plaintiff,<br><br>v.<br><br>Brian Stirling, Ms. A. Stewart, Mr. Spitzer, Ms. S. Mabe, Mr. Nelson, and Mr. Joel Anderson,<br><br>        Defendants. | Case No. 2:23-cv-03405-JFA-MGB<br><br>**ORDER** |

      This matter is before the court on Defendants' Motion for Summary Judgment. (ECF No. 91). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for initial review. Upon reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), suggesting that this court grant in part and deny in part Defendants' Motion. (ECF No. 122). For the reasons set forth below, the court adopts the Report in part and grants Defendants' Motion for Summary Judgment in full.

      **I.**      **RELEVANT BACKGROUND**

      Plaintiff Antwon Goodwin is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") where he is serving a life sentence for murder. According to Plaintiff, Defendants were deliberately indifferent to his serious medical needs and the worsening of his injuries due to the delay and failure to provide necessary dental treatment. (ECF No. 1 at 9). Plaintiff contends Defendants' "inactions/actions were

1

negligent, grossly negligent, reckless, and wantonly exposed Plaintiff to substantial risk of serious harm, pain, and suffering." (*Id.* at 11). Plaintiff filed this action on July 17, 2023, seeking compensatory and punitive damages for the alleged constitutional violations, as well as declaratory judgment and injunctive relief. (*Id.* at 8).

Defendants moved for summary judgment on October 25, 2024, arguing that (1) Plaintiff's 42 U.S.C. § 1983 claims fail as a matter of law; and (2) Defendants are entitled to qualified immunity. (ECF No. 91). The Magistrate Judge issued the Report and Recommendation on May 14, 2025, recommending that Defendants' Motion be granted in part and denied in part. (ECF No. 122). Specifically, the Report suggested summary judgment should be denied on Plaintiff's claim that Dr. Spitzer was deliberately indifferent to Plaintiff's serious medical needs by failing to treat his abscessed tooth promptly with antibiotics when the condition was first noted. Additionally, the Magistrate Judge concluded that summary judgment is proper as to Plaintiff's remaining claims against Dr. Spitzer and all claims against Defendants Stewart, Stirling, Mabe, Anderson, and Nelson. Defendants filed objections to the Report on May 28, 2025. (ECF No. 125). Plaintiff did not file objections to the Report, but filed a Reply to Defendants' objections on July 2, 2025. (ECF No. 133). Accordingly, this matter is ripe for the court's review.

## II.  STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the

magistrate judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court may accept, reject, or modify the report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

An objection must be specific and must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the magistrate judge's report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing

3

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Because Plaintiff is representing himself, each of these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the court incorporates those facts and standards without recitation. Defendants challenge the portion of the Report recommending this court deny summary judgment on Plaintiff's claim that Dr. Spitzer was deliberately indifferent to Plaintiff's serious medical needs by failing to treat his abscessed tooth promptly with antibiotics. First, Defendants argue Plaintiff did not even allege a deliberate indifference claim based on failure to immediately prescribed an antibiotic and, accordingly, the Magistrate Judge erred by recommending it proceed to trial. (ECF No. 125 at 3–4). Alternatively, even if Plaintiff had properly alleged this claim, Defendants insist the claim fails as a matter of law. (*Id.* at 5).

In their first objection, Defendants contend the Magistrate Judge erred in recommending the court deny summary judgment as to Plaintiff's deliberate indifferent claim based on failure to prescribe antibiotics because Plaintiff did not in fact make such a claim. This objection is overruled. The Complaint specifically lists "infections as a result of injuries worsening without treatment" as one of Plaintiff's injuries under his deliberate indifference claim. (ECF No. 1 at 8). He also includes "two areas that displayed signs of

infections" in his description of the medical treatment he had not received. (*Id.* at 9). In Plaintiff's medical requests, he expressed concern about an infection on several occasions before he was prescribed an antibiotic. (*See* ECF No. 110 at 22 (dental request made on February 17, 2023); 25 (sick call request made on February 2, 2023); & 29 (dental request made on October 17, 2022)). Accordingly, the court agrees with the Magistrate Judge's finding that Plaintiff's allegations and evidence concerning lack of medication are reasonably encompassed under a liberal construction of his deliberate indifference claim. (ECF No. 122 at 20 n.8).

Next, Defendants insist that even if Plaintiff properly raised this claim, Dr. Spitzer's decision not to immediately prescribe antibiotics does not constitute deliberate indifference as a matter of law. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "Because adequate medical care is a basic condition of humane confinement, a prison official's deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) (citation modified). A prisoner must satisfy both an objective and subjective test to establish a claim for deliberate indifference to medical needs. *Id.* To satisfy the objective element, a prisoner must "prove that the alleged deprivation was sufficiently serious." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective prong has two subparts: "a plaintiff must show the prison official (1) had actual knowledge of the risk of harm to the inmate and (2) recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* (citation modified) (quoting *Iko*

5

*v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). Importantly, "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief." *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 733 (4th Cir. 2015).

In this case, the Magistrate Judge concluded that the evidence established a genuine dispute of material fact as to both prongs of Plaintiff's deliberate indifference claim. (ECF No. 122 at 20). First, the Magistrate Judge explained the evidence indicates that Plaintiff's tooth pain resulted in an infected and abscessed tooth while under Dr. Spitzer's care, which caused Plaintiff additional suffering and ultimately required extraction. (*Id.* at 21). The court agrees with the Magistrate Judge's finding that this created a sufficiently serious medical condition to meet the objective prong for a deliberate indifference claim.

Next, the Magistrate Judge found a genuine issue of material fact as to whether Dr. Spitzer knew of and disregarded the excessive risk to Plaintiff's health by failing to immediately prescribe any antibiotics upon noting the abscess and draining fistula on November 9, 2022. The record shows Plaintiff did not receive any antibiotics until Dr. Spitzer prescribed them approximately four months later, on February 24, 2023. In the interim, Plaintiff submitted medical requests complaining of pain and expressing concerns about possible infection. (ECF No. 122 at 21 (citing ECF No. 110 at 25–26)). Accordingly, the Magistrate Judge ascertained a genuine issue of material fact as to whether Dr. Spitzer was deliberately indifferent to Plaintiff's serious medical needs by failing to treat Plaintiff's abscessed tooth promptly with antibiotics. (*Id.* at 23).

Defendants challenge this finding on several bases. First, Defendants aver the Magistrate Judge's conclusion was not supported by qualified evidence, insisting that

determination of whether and when to prescribe antibiotics requires testimony from someone with special knowledge and training. (ECF No. 125 at 7). Second, Defendants maintain that even if the Magistrate Judge's conclusion was supported by the record, Plaintiff's claim would constitute "some form of negligence and/or medical malpractice claim, but it would not support a finding of a constitutional violation." (*Id.*). And third, Defendants criticize the Report by offering a supplemental declaration from Dr. Spitzer explaining his decision not to immediately prescribe antibiotics. (*Id.*). Ultimately, Defendants insist the Magistrate Judge "misinterpreted (nonbinding) precedent to adopt an unworkable bright-line rule that prison dentists must always immediately prescribe antibiotics upon noting an abscessed tooth." (*Id.* at 9).

The court disagrees with Defendants' interpretation of the Magistrate Judge's application of the law. The Magistrate Judge did not err in her analysis. However, in making her recommendation, the Magistrate Judge did not have the information contained in Dr. Spitzer's supplemental declaration. (*See* ECF No. 122 at 21 (noting Defendants had offered no reason for Dr. Spitzer's delayed prescription of antibiotics)). Upon reviewing the supplemental evidence[1] and Plaintiff's response thereto, the court finds Plaintiff has not proffered evidence sufficient to establish a genuine issue of material fact as to whether Dr. Spitzer's delay in prescribing antibiotics constitutes deliberate indifference.

In his supplemental declaration, Dr. Spitzer attests he did not prescribe Plaintiff antibiotics on November 9, 2022 or on December 2, 2022 for several reasons: (1) Plaintiff

---

[1] This court has discretion to receive new evidence as part of its review of a magistrate judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

was not in acute distress and exhibited no signs of systemic infection; (2) the presence of "drainage is a positive clinical sign indicating that internal pressure is relieved and the infection is localized, reducing the risk of spread;" (3) when a dental abscess is draining and the patient shows no systemic symptoms, antibiotics are not medically necessary; and (4) prescribing unnecessary antibiotics "can cause antibiotic resistance and undesired side effects, without any clinical benefit." (ECF No. 125-1 ¶ 9). Dr. Spitzer explains antibiotic therapy alone is not a cure or treatment for a tooth abscess. (*Id.*). Instead, the appropriate course of treatment was removal of the infection source through a root canal or extraction. (*Id.*). Thus, instead of providing antibiotics, Dr. Spitzer concluded the appropriate course was to continue to monitor Plaintiff's condition while he awaited the outside care (root canal) he elected to receive. (*Id.* ¶ 10). Moreover, Dr. Spitzer opines he decided to prescribe an antibiotic during the February 24, 2023 visit based on Plaintiff's reports of increased issues with his tooth and because Plaintiff's outside root canal had not yet been coordinated. (*Id.* ¶ 14). He avers he "prescribed the antibiotics at this time in an effort to prevent Plaintiff's condition from worsening until the required treatment (root canal or extraction) could be performed." (*Id.*).

Even construed in the light most favorable to Plaintiff, the evidence does not establish a genuine issue of material fact as to whether Dr. Spitzer's delay in prescribing antibiotics constitutes deliberate indifference. Dr. Spitzer informed Plaintiff he could treat the tooth by extracting it, and Plaintiff elected instead to seek alternative treatment outside of the facility. While Plaintiff scheduled his chosen course of treatment, Dr. Spitzer

continued to monitor his condition and ultimately prescribed antibiotics when Plaintiff had not been treated months later and continued to complain of pain.

Plaintiff has not produced any rebuttal evidence to support his claim that Dr. Spitzer's care was constitutionally inadequate. Without such evidence, Plaintiff's arguments are mere disagreements about the appropriate course of treatment or, at best, allegations of negligent treatment. *See Sharpe*, 621 F. App'x at 733. Neither meet the "high bar" of a constitutional claim. Granted, Plaintiff is not necessarily required to offer expert testimony to support his deliberate indifference claim. *See Scinto v. Stansberry*, 841 F.3d 219, 230 (4th Cir. 2016). However, Defendants have supplied sufficient evidence to meet their initial summary judgment burden of showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, the burden shifts to Plaintiff as the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. Plaintiff has not done so.

Because Plaintiff cannot establish the subjective component of his Eighth Amendment claim, the court rejects the portion of the Report recommending denial of summary judgment. Neither party objects to the remainder of the Report, which the court has reviewed for clear error. Finding no such error, the court accepts the remainder of the Report and grants Defendants' Motion for Summary Judgment in its entirety.

## IV.  CONCLUSION

For the reasons discussed above, the findings of the Report and Recommendation (ECF No. 122) are adopted in part, Defendants' Motion for Summary Judgment (ECF No. 91) is granted in full, and this matter is dismissed with prejudice.

IT IS SO ORDERED.

July 28, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge